**Malik Laique AHMAD, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–2629–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2006.

Rakhvir Dhanoa (Denise K. Bonnaig, on the brief), New York, NY, for Petitioner.

Robin W. Morey, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Malik Laique Ahmad ("Ahmad"), through counsel, petitions for review of a BIA order dismissing his appeal from Immigration Judge ("IJ") Joanna Bukzspan's denial of his motion to reopen. *In re Ahmad, Malik Laique*, No. A 73 577 409 (B.I.A. May 2, 2005), *aff'g* No. A 73 577 409 (Immig. Ct. N.Y. City Mar. 4, 2005). We

assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA deemed Ahmad's appeal withdrawn pursuant to 8 C.F.R. § 1003.4, which provides that "[d]eparture from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken." It is unclear whether this regulation properly applies where an alien does not voluntarily depart but instead is deported. We need not reach this question, however, because far less ambiguous regulatory language states that Ahmad's motion to reopen should have been deemed withdrawn. *See* 8 C.F.R. § 1003.2(d) ("Any departure from the United States, *including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings,* occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion." (emphasis added)). Accordingly, the motion is no longer pending, and we have no jurisdiction to consider its merits.[1] Nor do we have jurisdiction to consider any of the earlier actions in this case.

Accordingly, the petition is **DENIED.**

---

1. We need not decide whether a deportation that is not "legally executed" results in the withdrawal of a motion to reopen, *see Cardoso–Tlaseca v. Gonzales,* 460 F.3d 1102, 1106 (9th Cir.2006), because there is nothing in the record to support the conclusion that Ahmad was unlawfully deported. It is undisputed that, having overstayed by more than six years his voluntary departure order, Ahmad was subject to deportation. At most, Ahmad has established that his deportation was executed at a time when he was eligible for (but not entitled to as a matter of right) adjustment of status. The fact that Ahmad had a motion to reopen pending in which he alleged ineffective assistance of counsel did not require that his deportation be delayed. *See* 8 C.F.R. § 1003.2(f) (providing that the filing of a motion to reopen usually "shall not stay the execution of any decision made in the case").