**Bulent ERTUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–74381.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.[*]

Filed April 25, 2007.

Ahmet Chabuk, Esq., Silverdale, WA,
for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
WWS–District Counsel, Immigration and

---

[*] The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Naturalization Service, Office of the District Counsel, Seattle, WA, Hillel Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

■ Bulent Ertur, a native of Turkey and citizen of Germany, petitions for review of the Immigration Judge's ("IJ") order denying his motion to reconsider an order denying his motion to reopen to apply for relief under the Violence Against Women Act ("VAWA"). Because Ertur was removed during the pendency of his appeal before the Board of Immigration Appeals ("BIA"), the appeal was withdrawn by operation of law, and the decision of the IJ is reviewed as the final order of removal. *See* 8 C.F.R. § 1003.4. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion, *see* *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

■ To the extent Ertur challenges the IJ's decision declining to exercise his *sua sponte* authority to reopen proceedings, we lack jurisdiction to consider his claim. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). We also lack jurisdiction to review the BIA's order denying a motion for a stay of removal. *See*

*Dhangu v. INS*, 812 F.2d 455, 458–59 (9th Cir.1987).

■ The IJ did not abuse his discretion in denying Ertur's motion to reconsider, because Ertur's motion did not identify an error of fact or law in the IJ's prior decision that Ertur failed to demonstrate the statutory elements for a late-filed motion to reopen requesting VAWA relief. *See* 8 U.S.C. § 1229a(c)(6) (a motion to reconsider shall specify errors of law or fact in the previous order and be supported by pertinent authority).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

