**Albert KUREGHYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Attorney General, Respondent.**

**No. 04–71761.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Submission Vacated Dec. 6, 2007.

Resubmitted June 30, 2009.

Filed July 02, 2009.

Serena Arfan Siew, Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marion Guyton,

---

\* Eric H. Holder, Jr. is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Esquire, Trial, Carl Henry McIntyre, Jr., Assistant Director, OIL, Ari Nazarov, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Dell W. Littrell, Esquire, Assistant U.S., Office of the U.S. Attorney, Lexington, KY, for Respondent.

Before: THOMPSON and WARDLAW, Circuit Judges, and REED, District Judge.**

## MEMORANDUM ***

Albert Kureghyan overstayed his visa and subsequently sought asylum in the United States. An Immigration Judge ("IJ") initially denied his application for asylum and, when he failed to appear at his removal hearing, ordered him removed from the United States *in absentia.* Kureghyan filed a motion to reopen, which was denied, and then a motion for reconsideration, which was also denied. Both the motion to reopen and the motion to reconsider argued that Kureghyan had received inadequate notice of his removal hearing: the document giving him notice was illegible, resulting in Kureghyan (or his counsel) having a mistaken understanding of the time that the hearing was to be held. Kureghyan appealed the denial of his motion to reconsider to the Board of Immigration Appeals (the "BIA").

While Kureghyan's appeal to the BIA was pending, he was caught trying to smuggle his family into the United States and removed to Armenia, where he was captured and beaten by his political adversaries. He again fled to the United States. Unaware of Kureghyan's removal, the BIA found that he had not received adequate notice of the removal hearing and reversed and remanded with instructions to reopen Kureghyan's asylum claim. On May 23, 2002, a different IJ granted Kureghyan asylum.

The Immigration and Naturalization Service, whose functions have since been transferred to the Department of Homeland Security ("DHS"), appealed the IJ's grant of asylum on the sole basis that Kureghyan's removal had divested the BIA of jurisdiction to remand his case to the IJ. This argument was raised by the DHS only after the remand, and only to the IJ, rather than by means of a motion to reconsider filed with the BIA. On March 16, 2004, the BIA found that it had lacked jurisdiction to remand the case and sustained the DHS's appeal, invoking its authority under 8 C.F.R. § 1003.2(a) to reconsider its decisions on its own motion. The BIA thus vacated the IJ's May 23, 2002, order. Kureghyan now seeks review of the BIA's March 16, 2004, decision.

We have jurisdiction over Kureghyan's petition for review pursuant to 8 U.S.C. § 1252.[1] "We review BIA rulings on motions to reopen and reconsider for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). The petition presents only questions of law, which we

---

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We here address the substance of the BIA's decision, not the BIA's procedural decision to utilize its *sua sponte* authority to reconsider its earlier decision. The question of whether *Ekimian v. I.N.S.,* 303 F.3d 1153 (9th Cir. 2002), applies to this case, argued extensively by the parties at oral argument, therefore need not be addressed in this memorandum disposition.

review de novo. *Id.* at 791–92. For the reasons set forth below, we conclude that the BIA's March 16, 2004, decision was an abuse of discretion because the BIA had jurisdiction to remand the case to the IJ, Kureghyan's removal notwithstanding.

The BIA decided that it had previously lacked jurisdiction to remand the case to the IJ because Kureghyan's removal constructively withdrew his appeal, rendering the initial decision in the case "final to the same extent as though no appeal had been taken." 8 C.F.R. § 1003.4. Citing 8 C.F.R. § 1003.2(d), the BIA also stated that "a motion may not be made by an alien subsequent to his departure from the United States."

The latter statement by the BIA was erroneous, even if understandably so: the BIA did not have the benefit of our decision in *Lin v. Gonzales,* 473 F.3d 979 (9th Cir.2007). In *Lin,* we held that language in 8 C.F.R. § 1003.23(b)(1), identical to that of section 1003.2(d), does not preclude consideration of a motion to reopen filed by an alien subsequent to his or her departure from the United States if the motion is brought after removal is accomplished and the removal proceedings are thereby "completed." *Lin,* 473 F.3d at 982. In this case, therefore, section 1003.2(d) did not preclude the BIA from considering a subsequent motion to reopen by Kureghyan brought after his removal proceedings were completed.

Normally, an alien may file only one motion to reopen, which must be filed within 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). But the time and numerical restrictions that generally apply to motions to reopen do not apply to those brought on the basis of inadequate notice. 8 C.F.R. § § 1003.2(c)(3)(i), 1003.23(b)(4)(iii)(A)(2). Inadequate notice was the basis of Kureghyan's initial motion to reopen, motion to reconsider, and appeal of the denial of his motion to reconsider. Thus, even though Kureghyan's appeal, and thus his first motion to reopen, became "final to the same extent as though no appeal had been taken" upon his removal, he could have brought a subsequent motion to reopen on the same basis.

Generally, it would be appropriate for the agency to decide such a motion to reopen in the first instance. Here, in deciding Kureghyan's appeal, the BIA has already considered and decided the issues that would be raised in such a motion to reopen. The BIA in effect treated Kureghyan's withdrawn appeal as a subsequent motion to reopen brought pursuant to section 1003.2(c)(3)(i) and section 1003.23(b)(4)(iii)(A)(2), and the DHS waived any objection to such a procedure. In these circumstances, remand to the agency would serve little purpose other than providing the DHS with an unfair second bite at the apple.

In sum, the BIA erroneously concluded that it had lacked jurisdiction to remand Kureghyan's case to the IJ. Though it had lost jurisdiction over Kureghyan's initial appeal because of his removal, the BIA had jurisdiction over a subsequent motion to reopen brought pursuant to section 1003.2(c)(3)(i) and section 1003.23(b)(4)(iii)(A)(2). When the BIA decided that Kureghyan had been given inadequate notice of his removal hearing, it in effect granted such a motion to reopen. Accordingly, we grant the petition for review. The BIA's March 16, 2004, order is vacated, thereby reinstating the IJ's May 23, 2002, order granting Kureghyan asylum.

**PETITION FOR REVIEW GRANTED.**