# Matter of Alfredo DIAZ-GARCIA, Respondent

*Decided May 14, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The unlawful removal of an alien during the pendency of a direct appeal from a deportation or removal order in violation of 8 C.F.R. § 1003.6(a) (2012) does not deprive the Board of Immigration Appeals of jurisdiction to review the appeal.

(2)  Where an accomplice is defined as one who aids another in the commission of an offense, a person convicted of being an accomplice to a crime has been convicted of the offense as a second-degree principal.

FOR RESPONDENT:  Paul H. Scott, Esquire, Baton Rouge, Louisiana

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Lorraine L. Griffin, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, GUENDELSBERGER, and ADKINS-BLANCH, Board Members.

PAULEY, Board Member:

In a decision dated May 26, 2011, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony, and ordered him removed from the United States. The respondent has appealed from that decision. During the pendency of the appeal, the Department of Homeland Security ("DHS") removed the respondent from the country. We find that we have jurisdiction and will address the respondent's appeal on the merits. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on January 13, 1989. On May 21, 2008, he was convicted as an accomplice to the crimes of robbery and residential burglary in violation of sections 5-12-102 and 5-39-201 of the

Arkansas Code Annotated.  For each conviction, he was sentenced to 10 years, the imposition of which was suspended.

A notice to appear was issued on September 29, 2010, charging that the respondent is removable based on the fact that he was convicted of a crime of violence for which the term of imprisonment is at least 1 year, which is an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2006).  Subsequently, a charge was added that the respondent was convicted of a theft or burglary offense for which the term of imprisonment is at least 1 year, which is also an aggravated felony under section 101(a)(43)(G).  At removal proceedings, a record of the respondent's convictions was entered into evidence, and he admitted that he had been convicted of both offenses but denied removability.  The Immigration Judge found the respondent removable on both grounds.  On appeal, the respondent claims that he is not removable because, as an accomplice, he was not convicted of the aggravated felony offenses themselves.

In its brief on appeal, the DHS admits that the respondent has been removed from the United States to Mexico "in error."[1]  Based on that removal, the DHS asserts that the respondent's appeal has been withdrawn pursuant to 8 C.F.R. § 1003.4 (2012) and that we now lack jurisdiction over this matter.[2]

## II. JURISDICTION

The first question before us is whether the unlawful removal of a respondent during the pendency of a direct appeal from a deportation or removal order in violation of 8 C.F.R. § 1003.6(a) (2012) results in the loss of the Board's jurisdiction over the appeal.  According to 8 C.F.R. § 1003.6, a deportation or removal order from which an appeal to the Board may be taken cannot be executed during the time allowed for the filing of an appeal (unless the right to appeal has been waived), or while an appeal is pending,

---

[1]  It is not clear from the record whether the respondent was removed during the period allowed for taking an appeal or after his notice of appeal was filed.

[2]  The regulation at 8 C.F.R. § 1003.4 provides, in relevant part:

> Departure from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.  Departure from the United States of a person who is the subject of deportation or removal proceedings, except for arriving aliens as defined in § 1001.1(q) of this chapter, subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

except in certain circumstances relating to bond and motions to reopen or reconsider when no stay has been granted. *See also* 8 C.F.R. §§ 236.1, 1003.19(i) (2012).

The DHS argues that 8 C.F.R. § 1003.4 dictates that the removal of the respondent constitutes a "departure," the result of which is that the Board has no jurisdiction over the pending appeal. We disagree. We do not consider the regulation to be applicable where the alleged "departure" occurs because of an unlawful removal of the alien by the DHS. Interpreting 8 C.F.R. § 1003.4 as the DHS proposes would allow an unlawful deportation or removal by the DHS, whether intentional or not, to unilaterally deprive the Board of further jurisdiction over the case. *See generally Nken v. Holder*, 556 U.S. 418, 436 (2009) (noting, in the context of a stay of removal, that "there is a public interest in preventing aliens from being wrongfully removed").[3]

The United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, has not ruled on the issue of the unlawful deportation or removal of an alien while a direct appeal is pending before the Board. *See Long v. Gonzales*, 420 F.3d 516, 520 n.6 (5th Cir. 2005) (finding that the alien waived appeal through his own actions, which resulted in a departure that was sufficient to withdraw his appeal pursuant to the regulation, but reserving the question whether a forcible removal would result in the withdrawal of an appeal); *cf. Rodriguez-Barajas v. Holder*, 624 F.3d 678 (5th Cir. 2010) (holding that a departure *after* the Board issued a decision but while a habeas petition was pending was not "prior to a decision" within the meaning of 8 C.F.R. § 1003.4 and therefore did not deprive the Board of jurisdiction on remand).

However, the Ninth Circuit has held that a removal must be lawful for the withdrawal of the appeal to be effective under 8 C.F.R. § 1003.4. *Wiedersperg v. INS*, 896 F.2d 1179, 1181-82 (9th Cir. 1990) (citing *Mendez v. INS*, 563 F.2d 956, 958 (9th Cir. 1977), for the proposition that the jurisdictional bar applies only where the "departure" was a "legally executed" one); *cf. Aguilera-Ruiz v. Ashcroft*, 348 F.3d 835, 838 (9th Cir. 2003) (finding that

---

[3] The DHS cites *Cipriano v. INS*, 24 F.3d 763, 764 (5th Cir. 1994), in support of its argument that an unlawful removal constitutes a "departure" and thus a withdrawal of an appeal that divests the Board of jurisdiction. However, that case is inapposite because it did not address 8 C.F.R. § 1003.4, the regulation that is applicable to the Board. Rather, it discussed former section 106(c) of the Act, 8 U.S.C. § 1105a(c) (1994), relating to review by a court of appeals, which provided in pertinent part: "An order of deportation . . . shall not be reviewed by any court if the alien . . . has departed from the United States after the issuance of the order."

the Board lacked jurisdiction where the alien's departure was "entirely voluntary"). The Sixth Circuit has also held that a forcible removal is not a "departure." *See Madrigal v. Holder*, 572 F.3d 239, 244-45 (6th Cir. 2009).

Based on our reading of the regulations, we find that an unlawful deportation or removal does not constitute a "departure" for purposes of 8 C.F.R. § 1003.4.[4] Fundamental fairness dictates that an unlawful act by the DHS should not serve to deprive us of jurisdiction to review an alien's appeal. Consequently, because the respondent was unlawfully removed, we find that we have jurisdiction to decide this appeal. Moreover, given the circumstances of this case, where the respondent is represented on appeal and has filed a cogent brief, we find it appropriate to address the appeal on its merits.[5]

## III. REMOVABILITY

The question raised by the respondent on appeal is whether his convictions are for aggravated felonies within the meaning of sections 101(a)(43)(F) and (G) of the Act because he was only convicted of being an *accomplice* to the crimes of residential burglary and robbery. We find that because the respondent acted as an aider and abetter in the commission of his offenses, he was convicted of an aggravated felony and is therefore removable. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189-90 (2007) (finding no distinction between principals and second-degree principals, who are aiders and abettors present at the scene of the crime).

Section 5-2-403(a) of the Arkansas Code Annotated includes within the definition of an "accomplice" a person who (1) "solicits" another to commit an offense, (2) aids another in the commission of the offense, or (3) fails to prevent the commission of the offense. Because this definition encompasses both actors who are and those who are not aiders and abettors, we find that the statute is divisible. *See Matter of Lanferman*, 25 I&N Dec. 721 (BIA 2012)

---

[4] Where an appeal has been waived or there is no entitlement to an automatic stay of execution of deportation or removal, and where no stay has been affirmatively granted, it would not be unlawful for the DHS to deport or remove a respondent during an appeal period or during the pendency of an appeal. *See* 8 C.F.R. §§ 1003.2(f), 1003.6(b), 1003.23(b)(1)(v), (4)(ii), (iii)(C) (2012). We express no view on the question whether a lawful deportation or removal during an appeal period or during the pendency of an appeal would constitute a "departure." *Cf. Matter of Armendarez*, 24 I&N Dec. 646 (BIA 2008) (addressing our jurisdiction to reopen proceedings following a departure pursuant to a final order of removal).

[5] This is not a situation where an unrepresented alien is unable to effectively pursue an appeal and may be prejudiced by being absent from the United States as a result of an unlawful deportation or removal.

(explaining when a statute is deemed divisible for purposes of applying the modified categorical approach). Therefore, under the modified categorical approach, we may consider the contents of a law enforcement report as part of the record of conviction if it was specifically incorporated into the guilty plea, was admitted by the alien during the criminal proceedings, or served as the factual basis for the plea. *See Matter of Milian*, 25 I&N Dec. 197 (BIA 2010); *see also Shepard v. United States*, 544 U.S. 13 (2005).

According to the judgment and commitment order included in the respondent's record of conviction, he entered a "negotiated plea of guilty or nolo contendere" to the offenses of being an accomplice to residential burglary and robbery. In accepting the pleas, the judge relied on the prosecutor's "short report of circumstances" attached to the order. *See Matter of Milian*, 25 I&N Dec. at 200-01. That document identifies the respondent as the defendant and states: "On 1/26/08, defendant and an accomplice were attempting to steal property from a home then struck the homeowner several times when the owner arrived home and confronted the defendant and his accomplice." This makes clear that the respondent was present at the scene of the crime and committed the offense with another accomplice, that is, he was a second-degree principal as an aider and abettor present at the scene of the crime. *See Gonzales v. Duenas-Alvarez*, 549 U.S. at 189.

Based on these facts, we find that the respondent's conviction for being an accomplice to residential burglary is for a "burglary offense" within the meaning of section 101(a)(43)(G) of the Act. Since his suspended sentence was to a year or more of imprisonment, we conclude that the respondent is removable as an alien convicted of an aggravated felony based on that offense. *See* section 101(a)(48)(B) of the Act; *Matter of S-S-*, 21 I&N Dec. 900 (BIA 1997). We therefore find it unnecessary to determine whether the respondent was also convicted of a theft offense or a crime of violence. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.