**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SILVANO LOPEZ-ANGEL,

*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,

*Respondent.*

No. 16-72246

Agency No.
A044-076-538

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2019
San Diego, California

Filed December 27, 2019
Amended March 17, 2020

Before: Andrew D. Hurwitz, John B. Owens,
and Kenneth K. Lee, Circuit Judges.

Order;
Opinion by Judge Hurwitz;
Concurrence by Judge Lee

## SUMMARY[*]

### Immigration

The panel filed: 1) an order granting the government's motion to amend the majority opinion; and 2) an amended opinion granting Silvano Lopez-Angel's petition for review of a decision of the Board of Immigration Appeals and remanding. In the amended opinion, the panel held that Lopez's removal from the United States while his appeal was pending before the BIA did not withdraw his appeal under 8 C.F.R. § 1003.4.

The panel observed that the withdrawal sanction in § 1003.4 is triggered by an alien's "departure," from this country and that the regulation does not distinguish between volitional and non-volitional departures. The panel also noted that the BIA has recognized that an unlawful removal does not a constitute a § 1003.4 departure, but has not addressed whether a lawful removal would withdraw an appeal. However, in *Madrigal v. Holder*, 572 F.3d 239 (6th Cir. 2009), the Sixth Circuit held that § 1003.4 applies only when the right to appeal is relinquished by the alien's own volitional conduct, not solely that of the government.

The panel agreed, concluding that the analysis in *Madrigal* is consistent with this court's interpretation of a similar regulation, 8 C.F.R. § 1003.2(d), which states that any departure after the filing a motion to reopen or reconsider constitutes a withdrawal of such motion. In *Coyt*

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*v. Holder*, 593 F.3d 902 (9th Cir. 2010), this court held that involuntary removal of a petitioner while a motion to reopen was pending did not withdraw the motion under § 1003.2(d). Rather, the court reasoned that it would completely eviscerate the statutory right to reopen if the agency deems a motion to reopen constructively withdrawn whenever the government removes a petitioner while his motion is pending. Likewise, the panel here concluded that the statutory right to file an appeal would be undermined if the government could simply terminate an appeal by removing the petitioner. The panel rejected the government's argument that Lopez was denied only an administrative appeal, explaining that, by rendering the IJ's decision final, the BIA effectively barred any further appellate review of the underlying merits because they were not administratively exhausted. Accordingly, the panel held that § 1003.4 provides for withdrawal only when the petitioner engaged in conduct that establishes a waiver of the right to appeal.

Addressing whether Lopez otherwise waived his right to appeal, the panel concluded that there was no evidence that he voluntarily left the country; rather, the record established that the government removed him. The panel therefore held that Lopez did not withdraw his appeal and granted the petition for review so that the BIA could reinstate his appeal.

Concurring, Judge Lee agreed that petitioner did not withdraw his appeal, but reached that conclusion differently. Judge Lee observed it was unclear whether the Sixth Circuit's decision in *Madrigal* was based on the regulation itself or on constitutional concerns. In any event, Judge Lee wrote that he did not believe that the due process concerns in *Madrigal* applied here because the petitioner in *Madrigal* filed a motion to stay, but the government removed her while the stay was pending. Here, however, there was no evidence

that Lopez had moved for a stay. Because Lopez had not done all that he could to avail himself of the process, Judge Lee concluded that principles of fundamental fairness would not necessarily be violated if § 1003.4 applied here. Nonetheless, Judge Lee agreed with the majority's conclusion based on a reasonable reading of § 1003.4 to interpret "departure" not to include a forcible removal.

## COUNSEL

Lauren Cusitello (argued), ABA Immigration Justice Project, San Diego, California, for Petitioner.

Victoria Braga (argued), Trial Attorney; Andrew N. O'Malley, Senior Litigation Counsel; Cindy S. Ferrier, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## ORDER

Respondent's motion to amend the opinion, **Dkt. 43**, is granted. The majority opinion is amended with the addition of the following footnote immediately after <The statutory right would be undermined if the government could simply terminate an appeal by removing a petitioner.> on page 9 of the slip opinion:

> The government argues that Lopez was denied only an administrative appeal. *See* 8 C.F.R. § 1003.1(b)(3). But, by rendering the IJ's decision final, the BIA effectively barred any further appellate review of the

underlying merits because they were not administratively exhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *see also Montano-Vega*, 721 F.3d at 1177–78 (stating that the court could not address the merits because the only final order before it was the BIA's order invoking § 1003.4).

Judge Lee's concurrence remains unchanged. No further petitions for rehearing will be permitted.

## OPINION

HURWITZ, Circuit Judge:

The government removed Silvano Lopez-Angel to Mexico while his appeal to the Board of Immigration Appeals ("BIA") was pending. It now argues that Lopez withdrew the appeal because he left the country. We cannot improve on Judge Kethledge's description of the government's position: "To state that argument should be to refute it[.]" *Madrigal v. Holder*, 572 F.3d 239, 246 (6th Cir. 2009) (Kethledge, J., concurring). We conclude that the removal did not withdraw Lopez's appeal and grant his petition for review.

## I. Background.

Lopez, a native and citizen of Mexico, became a lawful permanent resident of the United States in 1993. In 2004, Lopez was convicted of corporal injury to a spouse or cohabitant in violation of California Penal Code ("CPC") § 273.5 and sentenced to 180 days in jail. In 2007, Lopez was served with a Notice to Appear alleging that he was removable under 8 U.S.C. § 1227(a)(2)(E)(i) as an alien

convicted of a crime of domestic violence. An Immigration Judge ("IJ") administratively closed the removal proceedings in April 2009 because Lopez was in state custody awaiting trial on other charges. Later that year, Lopez was convicted of kidnapping in violation of CPC § 207(a), inflicting corporal injury in violation of CPC § 273.5, and making criminal threats in violation of CPC § 422. Lopez received a five-year sentence on the kidnapping conviction; the sentences for the two other convictions were stayed.

Removal proceedings were reopened in 2012. The government lodged an additional charge, alleging that because of the 2009 kidnapping conviction, Lopez was also removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony for which the term of imprisonment was at least one year. Lopez conceded removability but sought cancellation of removal. The IJ concluded that Lopez was ineligible for cancellation of removal because of the kidnapping conviction. Lopez did not seek review of the IJ's removal order and was deported to Mexico in 2013.

Lopez was apprehended in September 2015 while attempting to reenter the United States and charged with illegal reentry in violation of 8 U.S.C. § 1326. The prior order of removal was reinstated and a warrant of removal issued. In December 2015, Lopez moved in immigration court for reconsideration of the removal order and to reopen proceedings. He argued that his 2009 kidnapping conviction no longer barred him from seeking cancellation of removal because we had found unconstitutionally vague the definition of a crime of violence in 18 U.S.C. § 16(b), which is incorporated into the definition of an aggravated felony in the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1101(a)(43)(F). *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *aff'd sub nom. Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Lopez subsequently successfully moved for dismissal of his illegal reentry case on this ground. *United States v. Lopez-Angel*, No. 3:15-cr-2730 (S.D. Cal. Apr. 18, 2016). The IJ, however, denied Lopez's motions as untimely and also declined to reopen proceedings sua sponte.

Lopez filed a notice of appeal to the BIA on April 1, 2016. On April 21, 2016, shortly after Lopez was released from custody on the § 1326 charge, the government removed him to Mexico. The BIA then returned the record in Lopez's appeal to the IJ, holding that Lopez had withdrawn his appeal under 8 C.F.R. § 1003.4 by departing the country. That regulation provides in relevant part:

> Departure from the United States of a person who is the subject of deportation or removal proceedings, except for arriving aliens as defined in § 1001.1(q) of this chapter, subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

8 C.F.R. § 1003.4. Lopez timely petitioned for review.

## II. Jurisdiction and Standard of Review.

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252. This jurisdiction "encompasses review of decisions refusing to reopen or reconsider such orders." *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015). The BIA's decision that Lopez withdrew his appeal is "the

logical and functional equivalent" of an order denying his motions. *Madrigal*, 572 F.3d at 242.

We review questions of law de novo but sometimes defer to the BIA's interpretation of its governing statutes and regulations. *Lezama-Garcia v. Holder*, 666 F.3d 518, 524–25 (9th Cir. 2011). This is not such a case, however. The BIA's one-member, non-precedential order is not entitled to *Auer* deference "because it does not reflect the BIA's considered judgment on the question." *United States v. Hernandez-Arias*, 757 F.3d 874, 883 (9th Cir. 2014). And, because the BIA's decision "contains no reasoning of any substance on the issue we consider here," *Skidmore* deference does not apply. *See Miller v. Sessions*, 889 F.3d 998, 1001–02 (9th Cir. 2018).

## III.  Discussion.

### A.  When does 8 C.F.R. § 1003.4 apply?

The withdrawal sanction in § 1003.4 is triggered by an alien's "departure" from this country. On its face, § 1003.4 "does not distinguish between volitional and non-volitional departures." *Madrigal*, 572 F.3d at 244. But, the BIA has already recognized that the regulation does not apply every time a petitioner leaves this country. *See Matter of Diaz-Garcia*, 25 I. & N. Dec. 794, 796 (BIA 2012) (citing *Wiedersperg v. INS*, 896 F.2d 1179, 1181–82 (9th Cir. 1990)). An unlawful removal, for example, does not constitute a § 1003.4 departure. *Id*. at 797.

The BIA, however, has expressly pretermitted whether a lawful removal during the pendency of an appeal qualifies as a departure under § 1003.4. *Id*. at 797 n.4. Three of our sister Circuits have also left the issue open. *See Montano-Vega v. Holder*, 721 F.3d 1175, 1179–80 (10th Cir. 2013);

*Ahmad v. Gonzales*, 204 F. App'x 98, 99 (2d Cir. 2006); *Long v. Gonzales*, 420 F.3d 516, 520 n.6 (5th Cir. 2005) (per curiam).

But the Sixth Circuit has squarely addressed the issue. *Madrigal*, 572 F.3d at 244–45. Like Lopez, Madrigal was removed under an outstanding removal order after appealing an IJ's denial of her motion to reopen. *Id.* at 241–42. The BIA found her appeal automatically withdrawn under § 1003.4. *Id.* at 242. The Sixth Circuit panel, however, unanimously held that § 1003.4 did not apply. *Id.* at 244–45. Analyzing under the doctrine of waiver, the court held that § 1003.4 applies only when the right to appeal is relinquished by the alien's own volitional conduct, not solely that of the government. *Id.* Otherwise, the government could vitiate the appeal of any petitioner subject to a removal order simply by removing the petitioner before a ruling by the BIA. *Id.* at 245. Because Madrigal was forced to leave the country by the government, the Sixth Circuit held that she did not waive her right to appeal. *Id.*

We agree. The analysis in *Madrigal* is consistent with our interpretation of a similar regulation, 8 C.F.R. § 1003.2(d), which states in relevant part:

> Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

In *Coyt v. Holder*, we held that the involuntarily removal of a petitioner whose motion to reopen was pending did not withdraw the motion. 593 F.3d 902, 906–07 (9th Cir. 2010).

Construing § 1003.2(d) in light of the rights provided aliens by the INA, we noted that "[i]t would completely eviscerate the statutory right to reopen provided by Congress if the agency deems a motion to reopen constructively withdrawn whenever the government physically removes the petitioner while his motion is pending before the BIA." *Id*. at 907. Seeking to harmonize the regulation with the underlying statutory scheme, we held that "the physical removal of a petitioner by the United States does not preclude the petitioner from pursuing a motion to reopen." *Id*.

Application of the withdrawal sanction of § 1003.4 here would produce a similar conflict with the INA. *See Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609 (2013) ("It is a basic tenet that 'regulations, in order to be valid, must be consistent with the statute under which they are promulgated.'") (quoting *United States v. Larionoff*, 431 U.S. 864, 873 (1977)). The INA gives a petitioner the right to appeal a final removal order. *See Mata*, 135 S. Ct. at 2153 (citing 8 U.S.C. § 1229a(a)(1), (c)(5)). That right encompasses "decisions refusing to reopen or reconsider such orders," including decisions based on the untimeliness of the motions. *See id*. at 2154. The statutory right would be undermined if the government could simply terminate an appeal by removing a petitioner.[1] *See Marin-Rodriguez v. Holder*, 612 F.3d 591, 593 (7th Cir. 2010) (observing in dicta that § 1003.4 is "strange phraseology as applied to an alien whose departure was beyond his control" because "[i]t is

---

[1] The government argues that Lopez was denied only an administrative appeal. *See* 8 C.F.R. § 1003.1(b)(3). But, by rendering the IJ's decision final, the BIA effectively barred any further appellate review of the underlying merits because they were not administratively exhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *see also Montano-Vega*, 721 F.3d at 1177–78 (stating that the court could not address the merits because the only final order before it was the BIA's order invoking § 1003.4).

unnatural to speak of one litigant withdrawing another's motion"). It is therefore important, as we made clear in *Coyt*, that "a party's withdrawal of a pending proceeding . . . be a voluntary relinquishment of a right." 593 F.3d at 907 (citing *Madrigal*, 572 F.3d at 244).

We therefore hold that an alien does not withdraw his appeal of a final removal order, including the appeal of the denial of a motion to reopen or reconsider, simply because he was involuntarily removed before the appeal was decided. Rather, we hold that § 1003.4 provides for withdrawal only when the petitioner engaged in conduct that establishes a waiver of the right to appeal. *See Madrigal*, 572 F.3d at 244–45.[2]

## B. Did Lopez otherwise waive his right to appeal?

Resolution of this issue is now straightforward. There is no evidence that Lopez voluntarily left the country, even briefly, while his appeal was pending. *See Aguilera-Ruiz v. Ashcroft*, 348 F.3d 835, 838 (9th Cir. 2003) (holding that voluntary departures, even if "brief, casual, and innocent," withdraw an appeal under § 1003.4). The record establishes only that the government removed Lopez on the same day

---

[2] The government relies on two memorandum dispositions stating that lawful removal qualifies as a departure under § 1003.4. *See Kureghyan v. Holder*, 338 F. App'x 622, 624 (9th Cir. 2009) (observing that the BIA had lost jurisdiction over a prior appeal because the petitioner's removal withdrew his appeal under § 1003.4); *Ertur v. Gonzales*, 229 F. App'x 583, 584 (9th Cir. 2007) (reviewing the decision of an IJ directly after the BIA determined that the petitioner's appeal had been withdrawn under § 1003.4 because he was removed). But, in addition to being non-precedential, these dispositions addressed the issue before us today only in passing. And, both predate *Madrigal* and *Coyt*. We therefore do not find them persuasive in this case.

he was released from criminal custody after the dismissal of the illegal reentry case.[3]

We therefore hold that Lopez did not withdraw his appeal of the denial of his motions to reopen and reconsider when he was involuntarily removed from the United States. We grant the petition for review so that BIA can reinstate his appeal. We of course express no opinion on the merits of that appeal; we hold only that Lopez did not withdraw it.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

LEE, Circuit Judge, concurring:

I agree that the petitioner did not withdraw his appeal of a motion to reopen under 8 C.F.R. § 1003.4 when he was forcibly removed from the country, but I reach that conclusion differently.

The majority opinion concludes that § 1003.4 does not apply here because of *Madrigal v. Holder*, 572 F.3d 239 (6th Cir. 2009). But it is "unclear whether the Sixth Circuit thought this exception could be found lurking somewhere in

---

[3] We reject the government's argument that Lopez's failure to appeal the 2013 removal order or request a stay of removal pending appellate adjudication of his motions to reopen and reconsider constitutes waiver of his right to appeal the IJ's order denying those motions. Neither was an intentional relinquishment of the right to appeal at issue here. *See generally United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'") (emphasis omitted) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

the terms of the rule itself, or whether it thought the Constitution's due process guarantee required it." *Montano-Vega v. Holder*, 721 F.3d 1175, 1179 (10th Cir. 2013). In any event, I do not believe that the due process concerns in *Madrigal* apply here. The petitioner in *Madrigal* filed a motion to stay the removal pending the disposition of her appeal, but DHS removed her from the country while the motion to stay was pending. 572 F.3d at 241–42. As the Sixth Circuit noted, "principles of fundamental fairness would be violated" if the government could unilaterally terminate an appeal and moot a motion for a stay when a petitioner "appears to have done all that she could have done to avail herself of the process." *Id.* at 245.

Here, though, there is nothing in the record showing that Lopez moved for a stay. Since Lopez has not done all that he could have done to avail himself of the process, "principles of fundamental fairness" would not necessarily be violated if § 1003.4 applied here.

Nonetheless, I agree with the majority's conclusion based on a reasonable reading of the regulation. As quoted in the majority opinion, § 1003.4 states as follows: "Departure from the United States of a person who is the subject of deportation or removal proceedings . . . subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal." The question is whether a forcible removal is a "departure" under the above regulation.

We give words their ordinary meaning when interpreting a statute. *See Animal Legal Defense Fund v. United States Dept. of Agriculture*, 933 F.3d 1088, 1093 (9th Cir. 2019) ("When a statute does not define a term, we typically 'give the phrase its ordinary meaning.'" (internal quotation marks omitted)) (quoting *FCC v. AT & T Inc.*, 562 U.S. 397, 403

(2011)). The ordinary meaning of the word "departure" refers to a volitional act. It would be quite strange to say, for example, "the suspect departed the crime scene when police took him into custody." Though it might be possible to use "departure" in a non-volitional sense, there is a "distinction between how a word *can be* used and how it *ordinarily is* used." *Smith v. U.S.*, 508 U.S. 223, 242 (1993) (Scalia, J., dissenting) (emphasis in original).

The context of the word "departure" also suggests that it does not include forcible removals. *See ASARCO, LLC v. Celanese Chemical Co.*, 792 F.3d 1203, 1210 (9th Cir. 2015) ("A primary canon of statutory interpretation is that the plain language of a statute should be enforced according to its terms, in light of its context."). Section 1003.4 is a single paragraph describing the procedure for how a party can withdraw his or her own appeal. *See* 8 C.F.R. § 1003.4 (beginning with how "[i]n any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal thereof with the office at which the notice of appeal was filed"). As the Seventh Circuit has noted, "[i]t is unnatural to speak of one litigant withdrawing another's motion." *Marin-Rodriguez v. Holder*, 612 F.3d 591, 593 (7th Cir. 2010). Moreover, if "departure" included deportations or removals, the regulation would read: "Departure [e.g., *deportation or removal*] from the United States of a person who is the subject of *deportation or removal proceedings* . . . shall constitute a withdrawal of the appeal." That would be an odd way to read the regulation.

Notably, Section 1003.2(d) — the substance of which was promulgated on the same day as § 1003.4, *see* Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900, 18,905–07 (April 29, 1996) — states that "[a]ny departure from the

United States, *including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings*, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion." 8 C.F.R. § 1003.2(d) (emphasis added). Here, if "departure" included forcible removals, it would have been unnecessary in § 1003.2(d) to state that a "departure" includes the "deportation or removal" of the person subject to the proceedings. Indeed, this shows that the agency knew how to specify that "departure" includes forcible removals when it intended to do so.

I therefore concur that Lopez's appeal was not withdrawn under § 1003.4 when he was forcibly removed from this country.