**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MTB ENTERPRISES, INC., a Utah corporation; MICHAEL T. BILANZICH, an individual; HAIRWARE USA, INC., a Utah corporation, <br> *Plaintiffs-Appellants*, <br><br> v. <br><br> ADC VENTURE 2011–2, LLC, a Delaware LLC, <br> *Defendant-Appellee*. | No. 13-35468 <br><br> D.C. No. <br> 1:12-cv-00331-EJL <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 23, 2015[*]
Seattle, Washington

Filed March 23, 2015

Before: M. Margaret McKeown, Richard C. Tallman,
and John B. Owens, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

### Subject Matter Jurisdiction

The panel dismissed for lack of subject matter jurisdiction an appeal from the district court's order dismissing claims arising when financial institution ANB Financial failed.

The panel held that the venue provision in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(6)(A), is a jurisdictional limitation on federal court review. The panel further held that Congress vested two federal district courts with jurisdiction over this lawsuit: the United States District Court for the Western District of Arkansas, where the failed bank's principal place of business was located, and the United States District Court for the District of Columbia. The panel concluded that because the plaintiffs filed their complaint in the United States District Court for the District of Idaho, that court lacked subject matter jurisdiction.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Geoffrey J. McConnell and Chad M. Nicholson, Meuleman Mollerup LLP, Boise, Idaho; and Sean N. Egan, Salt Lake City, Utah, for Plaintiff-Appellant.

Larry E. Prince and A. Dean Bennett, Holland & Hart LLP, Boise, Idaho, for Defendant-Appellee.

**OPINION**

McKEOWN, Circuit Judge:

**INTRODUCTION**

This case is about a bank loan gone awry—and where parties can sue to recoup their losses when a financial institution fails. Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA" or "the Act"), claimants in cases involving failed institutions must file suit either in the district in "which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." 12 U.S.C. § 1821(d)(6)(A)(ii). The question of first impression in our circuit is whether this procedural provision is jurisdictional or simply a venue requirement subject to waiver. We conclude that this section sets out the subject-matter jurisdiction of the court.

## BACKGROUND

In 2007, as the real estate boom edged toward its pre-recession peak, MTB Enterprises, Inc., entered into a financing arrangement in which ANB Financial agreed to provide it with a $17 million loan and line of credit to develop a real estate parcel called Sundance Ranch in Canyon County, Idaho. A year later, ANB balked on honoring the final $6 million in payouts, and thereafter failed as a financial institution. MTB's construction project was left to languish. In the aftermath, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver and transferred the construction loan, along with ANB's other assets and certain liabilities, to a new entity—ADC Venture, 2011–2, LLC.

The bank loan inspired an alphabet soup of claims and lawsuits. In 2008, MTB filed an administrative claim with the FDIC and a lawsuit in the United States District Court for the District of Idaho, which named the FDIC and ANB as codefendants. The FDIC rejected the administrative claim. The civil case was transferred to the Western District of Arkansas, where ANB Financial was headquartered. Soon after, MTB voluntarily dismissed its lawsuit without prejudice.

In 2012, MTB filed a new suit against ADC Venture—without the FDIC as a defendant—in the District of Idaho. MTB alleged that ADC Venture assumed the obligations of its predecessor and therefore was liable for breach of contract and resulting damages from the failed construction venture. The district court dismissed MTB's claims, finding that ADC Venture did not assume liability stemming from the 2007 loan.

**ANALYSIS**

ADC Venture now argues, for the first time on appeal, that we lack subject-matter jurisdiction over this lawsuit under FIRREA. We consider this issue because defects in subject-matter jurisdiction "may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, __, 131 S. Ct. 1197, 1202 (2011).

In the wake of "the savings and loan crisis of the 1980s, Congress passed FIRREA to give the FDIC power to take all actions necessary to resolve the problems posed by a financial institution in default." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012) (internal quotation marks omitted). The Act "provides detailed procedures to . . . ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed banks." *Id.* (quoting *McCarthy v. FDIC*, 348 F.3d 1075, 1079 (9th Cir. 2003)). Jilted bank borrowers—or "claimants," in the parlance of the statute—must, among other things, exhaust administrative remedies and comply with FIRREA's directives on when and where to file suit.

Under FIRREA, a claimant must sue in the district court "within which the [failed bank's] principal place of business is located or the United States District Court for the District of Columbia . . . ." 12 U.S.C. § 1821(d)(6)(A)(ii). The statute goes on to state, parenthetically, "(and such court shall have jurisdiction to hear such a claim)." *Id.* At issue is whether that rule is jurisdictional.

In recent years, the Supreme Court has refined its approach to subject-matter jurisdiction and, in its words,

sought "to bring some discipline to the use of th[e] term" jurisdictional. *Henderson*, 131 S. Ct. at 1202. A jurisdictional rule is one that "governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction." *Id.* In the case of a federal statute, a provision is jurisdictional if it contains a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'" *Id.* at 1203 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006)). The Court noted that "Congress, of course, need not use magic words in order to speak clearly on this point. Context, including this Court's interpretation of similar provisions in many years past, is relevant." *Id.* (internal quotation marks omitted).

In this case, Congress in fact invoked the "magic words" in two provisions, leaving little doubt that FIRREA's strictures are jurisdictional. Section 1821(d)(13)(D), denominated as "Limitation on judicial review," provides that "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over . . . any claim relating to any act or omission of . . . the [FDIC] as receiver." 12 U.S.C. § 1821(d)(13)(D). This jurisdiction-stripping provision "applies to § 1821(d) as a whole"—the subsection that also encompasses the venue provision. *In re Lewis*, 398 F.3d 735, 743 (6th Cir. 2005). Section 1821(d)(6)(A) contains its own reference to jurisdiction and provides that when claimants file suit in either of the two prescribed district courts, "such court shall have jurisdiction to hear such claim." 12 U.S.C. § 1821(d)(6)(A)(ii). Taken together, these provisions underscore the jurisdictional nature of § 1821(d)(6)(A).

Not surprisingly, in the face of this statutory scheme, the First Circuit and an array of district courts have reached the same conclusion. *See Lloyd v. FDIC*, 22 F.3d 335, 337 (1st

Cir. 1994); *see, e.g.*, *Friederichs v. Gorz*, 624 F. Supp. 2d 1058, 1061–62 (D. Minn. 2009) (citing cases) ("While ostensibly a venue provision, Section 1821(d)(6)(A) has been interpreted as jurisdictional, since FIRREA divests courts of jurisdiction over all claims not brought in accordance with its strictures."). Likewise, we and other courts have interpreted other provisions within the same statutory subsection as jurisdictional. *See, e.g.*, *Rundgren v. Wash. Mut. Bank*, 760 F.3d 1056, 1060–61 (9th Cir. 2014) (interpreting administrative exhaustion requirements in § 1821(d)(13)(D) as jurisdictional); *Miller v. FDIC*, 738 F.3d 836, 843–45 (7th Cir. 2013) (interpreting 60-day statute of limitations in § 1821(d)(6)(B) as jurisdictional).

We join the chorus and hold that the venue provision in § 1821(d)(6)(A) is a jurisdictional limitation on federal court review—a conclusion that MTB acknowledges is correct.[1] Accordingly, Congress has vested two federal district courts with jurisdiction over this lawsuit: the United States District Court for the Western District of Arkansas, where the failed bank's principal place of business is located, and the United States District Court for the District of Columbia. MTB, however, filed this complaint in the United States District Court for the District of Idaho.[2] Because that court lacked

---

[1] In supplemental briefing, MTB candidly wrote "that the law of this Circuit and elsewhere appears to indicate that this provision is a jurisdictional limitation on Federal Court review." MTB also confirmed that ANB Financial's principal place of business is Benton County, Arkansas.

[2] MTB suggests that it is excused from complying with § 1821(d)(6)(A)(ii) because it already did so in its initial 2008 lawsuit, which was transferred to the Western District of Arkansas. However, nothing in FIRREA suggests that § 1821(d)(6)(A)(ii) applies only the first

subject-matter jurisdiction from the start, this case must be dismissed.**[3]**

**DISMISSED.**

---

time around. A claimant always must comply with § 1821(d)(6)(A)(ii) when it brings a federal suit subject to FIRREA.

**[3]** In light of our holding, we need not consider whether FIRREA's administrative exhaustion requirement and 60-day statute of limitations pose additional jurisdictional barriers to MTB's action. *See* § 1821(d)(13)(D)(ii), (d)(6)(B).