**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CVS HEALTH CORPORATION; CAREMARK, LLC; CAREMARK PCS, LLC, | No. 16-16187 |
| *Plaintiffs*, | D.C. No. 2:15-mc-00093-JJT |
| v. | |
| VIVIDUS, LLC, FKA HM Compounding Services, LLC; HMX SERVICES, LLC, | OPINION |
| *Defendants.* | |
| VIVIDUS, LLC, FKA HM Compounding Services, LLC; HMX SERVICES, LLC, | |
| *Petitioners-Appellants*, | |
| v. | |
| EXPRESS SCRIPTS, INC., | |
| *Respondent-Appellee.* | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Filed December 21, 2017

Before:  Ronald M. Gould and Mary H. Murguia, Circuit
Judges, and James E. Gritzner,[*] District Judge.

Opinion by Judge Gritzner

---

[*] The Honorable James E. Gritzner, United States District Judge for
the Southern District of Iowa, sitting by designation.

## SUMMARY**

### Arbitration / Discovery

The panel affirmed the district court's denial of a petition pursuant to 9 U.S.C. § 7 to enforce a subpoena issued pre-hearing by an arbitration panel against a company that was not a party to the arbitration.

Agreeing with the Second, Third, and Fourth Circuits, and disagreeing with the Eighth Circuit, the panel held that the Federal Arbitration Act does not grant arbitrators the power to compel the production of documents from third parties outside of a hearing.

### COUNSEL

Lawrence Victor Ashe (argued), Boies Schiller & Flexner LLP, Miami, Florida, for Petitioners-Appellants.

Derek Shaffer (argued), Quinn Emmanuel Urquhart & Sullivan LLP, Washington, D.C.; Christopher A. Smith, Husch Blackwell LLP, St. Louis, Missouri; for Respondent-Appellee.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

GRITZNER, District Judge.

The Federal Arbitration Act (FAA) confers upon arbitrators the power to "summon in writing any person to attend before them . . . as a witness and in a proper case to bring with him . . . any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7   In this case, an arbitration panel issued a subpoena against Respondent-Appellee Express Scripts, Inc., who was not a party to the arbitration in question, directing Express Scripts to produce certain documents prior to an arbitration hearing.   After Express Scripts failed to respond to the subpoena, Petitioners-Appellants Vividus, LLC f/k/a HM Compounding Services and HMX Services, LLC (collectively, HMC) attempted to enforce the subpoena in federal court in Arizona.   The district court held that the FAA does not grant arbitrators the power to compel the production of documents from third parties outside of a hearing, and HMC appealed.   We affirm the district court.

## I.  BACKGROUND

In September 2014, HMC and multiple individuals filed suit in New York state court against numerous pharmacy benefit managers, including Express Scripts and CVS/Caremark Corp., alleging violations of antitrust laws. The case was then removed to the United States District Court for the Eastern District of New York.   In October 2014, the district court in New York severed HMC's claims against the various defendants and ordered that those claims be litigated or arbitrated in separate proceedings based on forum selection and arbitration clauses in HMC's preexisting agreements with the defendants.   HMC's claims against Express Scripts were transferred to the United States

District Court for the Eastern District of Missouri (the Missouri Litigation), where they remain pending. HMC's claims against CVS/Caremark were submitted to arbitration in Arizona (the Arizona Arbitration). Express Scripts was not a party to the Arizona Arbitration.

In the Missouri Litigation, Express Scripts produced certain documents to HMC pursuant to a protective order dated October 16, 2015. On November 25, 2015, the arbitrators in the Arizona Arbitration issued a subpoena directing Express Scripts to produce certain documents that had been produced in the Missouri Litigation for use in the Arizona Arbitration. The subpoena directed Express Scripts to produce these documents at the offices of HMC's counsel in Miami, Florida. Though the subpoena contained provisions regarding procedures for making objections to the subpoena, Express Scripts did not respond.

On December 29, 2015, HMC filed a petition pursuant to 9 U.S.C. § 7 to enforce the arbitrators' subpoena in the United States District Court for the District of Arizona. In the petition, HMC stated that the subpoena's purpose was to allow HMC to use in the Arizona Arbitration the documents marked confidential that HMC had received from Express Scripts in the Missouri Litigation. HMC requested that the district court issue an order directing Express Scripts to respond to the subpoena or to assert its legal objections to the subpoena.

The district court denied HMC's petition. The district court concluded that section 7 of the FAA, 9 U.S.C. § 7, does not confer upon an arbitrator authority to compel pre-hearing document discovery from a non-party to the arbitration outside the presence of an arbitrator. Instead, the district court ruled that the statute's text only allows an arbitrator to

summon testimony and documents from a non-party during a hearing.

## II.  STANDARD OF REVIEW

The district court's interpretation of the FAA is a legal question that we review *de novo*.  *See, e.g.*, *Whittaker Corp. v. United States*, 825 F.3d 1002, 1006 (9th Cir. 2016).

## III.  DISCUSSION

This Court has not addressed whether the FAA allows an arbitrator to order a third party to produce documents as part of pre-hearing discovery.  After considering the text of the FAA and opinions from other courts of appeals, the district court concluded that the FAA does not grant arbitrators that power.  On appeal, HMC argues that the district court erred in interpreting the FAA as denying arbitrators this power.

"In construing the provisions of a statute, we begin by looking at the language of the statute to determine whether it has a plain meaning." *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015) (en banc).  If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there. *Id.*

Section 7 of the FAA, titled "Witnesses before arbitrators; fees; compelling attendance," reads as follows, in relevant part:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him

or them any book, record, document, or paper which may be deemed material as evidence in the case. . . . if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. § 7. The FAA gives arbitrators two powers that are relevant here. First, arbitrators may compel the attendance of a person "to attend before them . . . as a witness," and second, arbitrators may compel such person "to bring with him or them" relevant documents. *Id.* If a person summoned as a witness does not comply, the statute gives the district court in the district in which the arbitrator sits the power to compel the person's attendance before the arbitrator. *Id.*

A plain reading of the text of section 7 reveals that an arbitrator's power to compel the production of documents is limited to production at an arbitration hearing. The phrase "bring with them," referring to documents or other information, is used in conjunction with language granting an arbitrator the power to "summon . . . any person to attend before them." *Id.* Under this framework, any document productions ordered against third parties can happen only "before" the arbitrator. The text of section 7 grants an

arbitrator no freestanding power to order third parties to produce documents other than in the context of a hearing.[1]

The circuit courts that have addressed this question most recently have interpreted section 7 similarly. *See Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 215–16 (2d Cir. 2008) (collecting cases and noting an "emerging rule" in favor of this interpretation). In *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407 (3d Cir. 2004), then-Judge Alito found that section 7 "speaks unambiguously to the issue." *Id.* ("The power to require a non-party 'to bring' items 'with him' clearly applies only to situations in which the non-party accompanies the items to the arbitration proceeding, not to situations in which the items are simply sent or brought by a courier." (quoting 9 U.S.C. § 7)). The Second and Fourth Circuits have come to similar conclusions: the text of section 7 is unambiguous and does not grant arbitrators the power to subpoena documents from third parties to be produced outside the presence of the arbitrators. *See Life Receivables Tr.*, 549 F.3d at 216 ("The language of section 7 is straightforward and unambiguous. Documents are only discoverable in arbitration when brought before arbitrators by a testifying witness."); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 275 (4th Cir. 1999) ("Nowhere does the FAA grant an arbitrator the authority to order non-parties to appear at depositions, or the authority to demand that non-parties provide the litigating parties with documents during prehearing discovery. By its own terms, the FAA's

---

[1] Because arbitration is a creation of contract, arbitration agreements may provide arbitrators greater discovery powers with respect to the parties bound by such agreements. *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 217 (2d Cir. 2008).

subpoena authority is defined as the power of the arbitration panel to compel non-parties to appear 'before them.'" (quoting 9 U.S.C. § 7)).[2]

The Eighth Circuit has interpreted section 7 differently. In *In re Security Life Insurance Co. of America*, 228 F.3d 865 (8th Cir. 2000), that court recognized that section 7 "does not . . . explicitly authorize the arbitration panel to require the production of documents for inspection by a party." *Id.* at 870.[3] Nevertheless, the Eighth Circuit held that "implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing." *Id.* at 870–71. The court stated that this implicit power furthered the goal of facilitating efficient resolution of disputes by allowing parties to "review and digest" documents before hearings. *Id.* at 870. The court also noted the fact that the third party in that case was "not a mere bystander" but was "integrally related to the underlying arbitration." *Id.* at 871. HMC argues we should follow the Eighth Circuit's reasoning from *In re Security Life Insurance Co.*, because to deny arbitrators this pre-

---

[2] The Fourth Circuit also opined that "a party might, under unusual circumstances, petition the *district court* to compel pre-arbitration discovery upon a showing of special need or hardship." *COMSAT*, 190 F.3d at 276 (emphasis added). But even here the Fourth Circuit appears to assume that arbitrators could not compel such discovery against a person who is not a party to the arbitration agreement.

[3] Similarly, in a case involving an interpretation of section 301 of the Labor-Management Relations Act, the Sixth Circuit noted that "courts may look to the FAA for guidance in labor arbitration cases," and followed decisions from district courts interpreting section 7 as implicitly allowing pre-hearing document discovery from third parties. *Am. Fed'n of Tel. & Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1009 (6th Cir. 1999).

hearing discovery power would produce an absurd result and because Express Scripts is integrally related to the Arizona Arbitration proceedings.

"[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 7 (2000) (citation omitted).  According to HMC, it would be absurd to grant an arbitrator the power to compel witnesses to testify at an arbitration hearing and to bring any documents that are relevant while not also allowing such witnesses to produce those documents on an earlier date.  This line of reasoning posits that the greater power (compelled testimony and document production at a hearing) implies the existence of a lesser power (document production at a date prior to a hearing).  However, as the Third Circuit explained, it is not absurd to restrict third-party discovery to the disclosures that can be made at a hearing; third parties "did not agree to [the arbitrator's] jurisdiction" and this limit on document discovery tends to greatly lessen the production burden upon non-parties.  *Hay Grp.*, 360 F.3d at 409 ("Under a system of pre-hearing document production, by contrast, there is less incentive to limit the scope of discovery and more incentive to engage in fishing expeditions that undermine some of the advantages of the supposedly shorter and cheaper system of arbitration.").  And it is not apparent that the power to order pre-hearing document discovery is a power "lesser" than the power to order documents to be brought forth at a hearing.  Practical constraints on document production during an arbitration hearing may often result in lower production demands upon third parties.  *See Life Receivables Tr.*, 549 F.3d at 218 ("Section 7's presence requirement . . . forces the party seeking the non-party discovery—and the arbitrators

authorizing it—to consider whether production is truly necessary."). Moreover, an arbitrator's power under section 7 extends only to documentary evidence "which may be deemed material as evidence in the case," further demonstrating that under the FAA an arbitrator is not necessarily vested with the full range of discovery powers that courts possess. 9 U.S.C. § 7. Given the clear statutory language, we reject the proposition that section 7 grants arbitrators implicit powers to order document discovery from third parties prior to a hearing. Further, we decline HMC's invitation to create additional discovery powers for arbitrators beyond those granted in section 7.[4]

## IV. CONCLUSION

We hold that section 7 of the FAA does not grant arbitrators the power to order third parties to produce documents prior to an arbitration hearing. We affirm the district court's denial of HMC's petition to enforce the arbitrators' subpoena.

**AFFIRMED.**

---

[4] HMC also argues that the district court should have entered an order directing Express Scripts to, at the least, respond to the subpoena with its objections. But section 7 provides that a district court has the power and discretion to compel a response to an arbitrator's summons. 9 U.S.C. § 7. The district court was the proper forum to adjudicate Express Scripts' objection that the arbitrators in the Arizona Arbitration lacked the power to require it to produce documents outside of a hearing.