NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL FEINSTEIN, | No. 24-5823 |
|            Plaintiff-ctr-defendant - Appellant, | D.C. No. 2:23-cv-03674-GW-AJR |
|   v. | MEMORANDUM* |
| FIRST REPUBLIC SECURITIES COMPANY, LLC; FIRST REPUBLIC INVESTMENT MANAGEMENT, INC., | |
|            Defendant-ctr-claimants - Appellees, | |
| FIRST REPUBLIC BANK, | |
|            Counter-claimant - Appellee. | |
| PAUL FEINSTEIN, | No. 24-7839 |
|            Plaintiff-ctr-defendant - Appellant, | D.C. No. 2:23-cv-03674-GW-AJR |
|   v. | |
| FIRST REPUBLIC SECURITIES COMPANY, LLC; FIRST REPUBLIC INVESTMENT MANAGEMENT, INC., | |

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-ctr-claimants -
Appellees,

FIRST REPUBLIC BANK,

Counter-claimant - Appellee.

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 22, 2025
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.[**]

Plaintiff–Appellant Paul Feinstein appeals a district court order denying his motion to remand to arbitration, denying his alternative motion to compel arbitration, and transferring the dispute to the Northern District of California. We have jurisdiction over the portion of the order denying the motion to remand as a certified question for interlocutory appeal under 28 U.S.C. § 1292(b), and jurisdiction over the portion of the order denying the motion to compel arbitration under 9 U.S.C. § 16(a)(1). Reviewing de novo, *see Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009); *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017), we affirm in part, vacate in part, and remand.

1. We affirm the district court's order denying the motion to remand and

---

[**]    The Honorable Douglas Russell Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

2

transferring the case to the Northern District of California. A motion to remand under 28 U.S.C. § 1447(c) may assert either a jurisdictional or procedural defect. *See Kamm*, 568 F.3d at 754. If at any point the district court discovers a jurisdictional defect, it "shall" remand the removed case to state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis removed). The district court properly found that it lacked jurisdiction over Feinstein's claims against the Federal Deposit Insurance Corporation (FDIC) under 12 U.S.C. § 1821(d)(6)(A)(ii). *See MTB Enters., Inc. v. ADC Venture 2011-2, LLC*, 780 F.3d 1256, 1259 (9th Cir. 2015). But the district court cured that defect by transferring the case to the Northern District of California under 28 U.S.C. § 1631.

A plaintiff must move to remand based on a procedural error within 30 days of a defendant's removal. 28 U.S.C. § 1447(c). Feinstein filed his motion after the 30-day window had elapsed, but the district court still held that it could extend the deadline under Federal Rule of Civil Procedure 6(b)(1)(B). But that rule does not allow the district court to enlarge "time periods set out in statutes." 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1165 (4th ed. 2025). As Feinstein moved to remand after this 30-day deadline expired, the district court had no authority to grant the motion, and thus properly denied it. *N. Cal. Dist. Council*

3

*of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).[1]

2.  We also affirm the district court's order denying Feinstein's motion to compel arbitration with the FDIC, as receiver to First Republic Bank.  The duty to arbitrate arises from contract.  *E.g.*, *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706, 708 n.1 (9th Cir. 2017).  Feinstein and First Republic agreed to "arbitration in accordance with the FINRA Bylaws."  Read in context, this submission agreement consolidated and modified all previous agreements between the parties to submit to arbitration.  On September 20, 2023, the FDIC sent a letter to FINRA repudiating the agreement "under 12 U.S.C. Section 1821(e)."

Feinstein claims he should have received actual, rather than constructive, notice of the repudiation.  But our caselaw does not require the FDIC to provide actual notice.  *See Sharpe v. FDIC*, 126 F.3d 1147, 1157 (9th Cir. 1997).

3.  We vacate the district court's order denying the motion to compel arbitration with First Republic Securities Company LLC (FRSC) and First Republic Investment Management, Inc. (FRIM, and together with FRSC, the Subsidiaries).  The Subsidiaries advance two arguments as to why they have no duty to arbitrate, neither of which we can evaluate on this record.

---

[1]  We also affirm the district court's denial of attorney's fees.  *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (holding attorney's fees are appropriate only when "the relevant case law clearly foreclosed the defendant's basis of removal").

4

First, the Subsidiaries argue that 12 U.S.C. § 1821(d)(13)(D) strips the arbitration proceeding of jurisdiction over their counterclaims. In general, § 1821(d)(13)(D) does not bar jurisdiction over counterclaims. *See Resol. Tr. Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 793 (9th Cir. 1993). Our cases establish, however, that certain affirmative defenses to counterclaims—such as the affirmative defense of offset—may be "a determination of rights with respect to[] the assets of any depository institution for which the Corporation has been appointed receiver." 12 U.S.C. § 1821(d)(13)(D); *see also McCarthy v. FDIC*, 348 F.3d 1075, 1079 (9th Cir. 2003).

Second, the Subsidiaries argue that the FDIC repudiated the agreement to arbitrate "all claims brought by all parties, including third parties." The FDIC's repudiation letter states: "This repudiation shall only affect the obligation of the Institution or the Receiver, and it is not a repudiation on behalf of other parties, if any, to the Agreement." On its face, this appears to exclude the Subsidiaries. The letter repudiates, however, "the Agreement to the full extent . . . it represents an enforceable obligation of the Institution or of the Receiver." Some of Feinstein's affirmative defenses may impose an obligation against the FDIC.

We cannot evaluate any of Feinstein's affirmative defenses now. The district court expressly declined "to determine whether or not FIRREA applies to Plaintiff's affirmative defenses outside of his offset defense." Thus, we vacate the order and

5

remand for the district court to develop the record further. On remand and after transfer, the Northern District of California should determine in the first instance whether any of Feinstein's affirmative defenses are (1) "a determination of rights with respect to[] the assets" of First Republic Bank under § 1821(d)(13)(D), or (2) "an enforceable obligation of the Institution or of the Receiver" under the September 20 letter. If they are not, the Northern District should compel arbitration. If they fall within the scope of § 1821(d)(13)(D) or the September 20 letter, the Northern District should determine whether it can compel arbitration under § 1821(b)(6)(A) or any other provision of the September 20 letter. We do not express any views on these questions in the first instance.

**AFFIRMED IN PART, VACATED IN PART, REMANDED.**