**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, *Plaintiff-Appellant*, | No. 18-16327 |
| | D.C. No. 4:17-cv-03903-PJH |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; ANIMAL AND PLANT HEALTH INSPECTION SERVICE, *Defendants-Appellees.* | OPINION |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted June 12, 2019
Anchorage, Alaska

Filed August 12, 2019

Before: A. Wallace Tashima, William A. Fletcher,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### Freedom of Information Act

The panel affirmed the district court's summary judgment in favor of the U.S. Department of Agriculture and its sub-agency, the Animal and Plant Health Inspection Service, in a Freedom of Information Act ("FOIA") action brought by the Animal Legal Defense Fund ("ALDF").

The ALDF filed a complaint challenging the agency's practice of denying requests for expedited processing of Animal Welfare Act-related FOIA requests. ALDF sought a declaration that the term "individual" in 5 U.S.C. § 552(a)(6)(E)(v)(I) includes an animal.

The panel held that the district court had jurisdiction to review the FOIA suit. Specifically, the panel held that ALDF's suit was not moot because ALDF asserted a "pattern or practice" FOIA claim alleging that the agency's policy or practice would impede ALDF's lawful access to information in the future. The panel further held that FOIA's jurisdiction-stripping provision did not divest the district court of jurisdiction. The panel held that where, as here, a plaintiff asserted a "pattern or practice" claim that satisfied the three-pronged test of *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1104-06 (9th Cir. 2016), 5 U.S.C. § 552(a)(6)(E)(iv) did not bar the plaintiff's action.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Interpreting the word "individual," as used in 5 U.S.C. § 552(a)(6)(E)(v)(I), the panel held that, where, as here, "individual" is used as a noun with no corresponding group or category, its plain meaning is "human being." The panel rejected ALDF's assertion that the term "individual" in this context also included animals.

## COUNSEL

Matthew G. Liebman (argued), Animal Legal Defense Fund, Cotati, California; Anthony T. Eliseuson, Animal Legal Defense Fund, Chicago, Illinois; Daniel H. Waltz, Animal Legal Defense Fund, Washington, D.C.; for Plaintiff-Appellant.

John Samuel Koppel (argued) and Mark B. Stern, Appellate Staff; Alex G. Tse, United States Attorney; Joseph H. Hunt, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

## OPINION

W. FLETCHER, Circuit Judge:

The Freedom of Information Act ("FOIA") provides for expedited processing of records where "failure to obtain requested records on an expedited basis . . . could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." 5 U.S.C. § 552(a)(6)(E)(v)(I). We are asked to decide whether the term "individual" in this context includes an animal as well as a human being. We

conclude it does not. We accordingly affirm the district court's grant of summary judgment in favor of Defendants-Appellees U.S. Department of Agriculture and its sub-agency, the Animal and Plant Health Inspection Service (collectively, "USDA").

## I. Background

Plaintiff-Appellant Animal Legal Defense Fund ("ALDF") is a non-profit organization dedicated to using the legal system to improve the lives and promote the interests of animals.

Since 2014, ALDF had been involved in state court litigation concerning a tiger named Tony who was being displayed in a cage at a Louisiana truck stop. In March 2017, ALDF learned from a veterinarian with special expertise in tigers that Tony was suffering from serious health issues. On April 7, 2017, ALDF asked USDA to carry out an Animal Welfare Act ("AWA") inspection to ascertain whether Tony was getting adequate care. USDA responded on April 10 in a letter stating, "If you wish to know the results of our findings, you must send a request, in writing, to our Freedom of Information Act Office." AWA inspection reports had previously been posted on USDA's website. However, following a policy change in February 2017, inspection reports that have not received final adjudication are available only by FOIA request. *See* USDA Announcement, *Updates to APHIS' Website Involving Animal Welfare Act and Horse Protection Act Compliance Information* (Feb. 15, 2017).

ALDF submitted a FOIA request on May 4, 2017, for records concerning its inspection request. ALDF sought expedited processing of its request pursuant to 5 U.S.C.

§ 552(a)(6)(E)(v)(I), asserting that failure to expedite the records could reasonably be expected to pose an imminent threat to Tony's life and physical safety. On May 11, 2017, USDA denied the expedited processing request on the ground that "Tony the Tiger is not considered an 'individual'" under 7 C.F.R. § l.9(b)(l), the USDA regulation implementing § 552(a)(6)(E)(v)(I). ALDF filed an administrative appeal, but USDA did not issue a determination in that appeal.

On July 11, 2017, ALDF filed a complaint in district court challenging USDA's practice of denying requests for expedited processing of AWA-related FOIA requests. The complaint sought a declaration that the term "individual" in § 552(a)(6)(E)(v)(I) includes an animal,  and a permanent injunction requiring USDA to treat animals as "individuals" for the purposes of expedited processing under the statute.

While the case was pending, ALDF made additional FOIA requests for expedited processing of USDA records related to animals protected under the AWA. On July 20, 2017, ALDF requested expedited processing of records related to the Puerto Rico Zoo. On the same day, ALDF requested expedited processing of records regarding arctic foxes living at Deer Haven Mini Zoo in Maryland. On August 18, 2017, ALDF requested expedited processing of records pertaining to Cricket Hollow Zoo, a roadside zoo in Iowa. USDA rejected the first two requests on the ground that "the term individual in this context encompasses human beings and not animals" and had not responded to the third request at the time the record was made in this appeal.

In response to ALDF's request for records about Tony, USDA released four pages of responsive records on August 14, 2017, over three months after the request was made. A

month and a half later, on October 3, 2017, USDA informed ALDF that it had located additional records responsive to ALDF's request and would release the records by October 20, 2017. On October 16, 2017, the truck stop owner euthanized Tony. Four days later, USDA provided forty-three pages of records to complete its response to ALDF's FOIA request regarding Tony.

The parties filed cross-motions for summary judgment. The district court granted summary judgment to USDA on May 25, 2018, holding that the term "individual" in FOIA's expedited processing provision does not include animals. ALDF timely appealed.

## II. Jurisdiction

We ordinarily have jurisdiction under 28 U.S.C. § 1291 to review a summary judgment order. If the district court lacked subject matter jurisdiction, however, "we would have jurisdiction to correct the jurisdictional error, but not to entertain the merits of an appeal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In the district court, USDA argued that the court lacked subject matter jurisdiction over the suit for two reasons: first, that the case was moot and no longer a case or controversy under Article III and, second, that FOIA's jurisdiction-stripping provision applied. The district court disagreed and held that it had jurisdiction. USDA does not contest this ruling on appeal. However, "we are obliged to raise sua sponte issues concerning district courts' subject matter jurisdiction." *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 323 (9th Cir. 1996). We hold that the district court had subject matter jurisdiction.

A case is moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). USDA argued below that ALDF's suit was moot because the agency had provided all the records responsive to ALDF's request, with the result that the court could no longer "grant any effectual relief" to ALDF. *See Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted). We agree with the district court. Because ALDF asserted a "pattern or practice" FOIA claim, its suit is not moot.

In FOIA cases, we distinguish between "specific request" claims and "pattern or practice" claims. *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1102–03 (9th Cir. 2016). A "specific request" claim seeks production of a particular record that has allegedly been improperly withheld. *Id.* at 1103 (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). By contrast, a "pattern or practice" claim alleges that "an agency *policy or practice* will impair the party's lawful access to information in the future." *Id.* (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988)).

A "specific request" claim is mooted by the agency's production of all non-exempt requested records. *Id.* But where, as here, "a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief," those claims are not mooted by the production of requested documents if the plaintiff can show: "(1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice." *Id.*

Though we conclude on the merits that no FOIA violation occurred, the violations that ALDF alleges meet the three prongs of *Hajro*'s "pattern or practice" test. First, the FOIA violation alleged with respect to Tony was not an isolated incident. ALDF alleges other instances in which USDA denied expedited processing to ALDF based on USDA's definition of "individual." *See id.* at 1104 (noting that a plaintiff can satisfy the first prong by "provid[ing] evidence that he has been subjected to a FOIA violation more than once"). Second, ALDF was "personally harmed" because it filed several requests and was denied expedited processing on the basis of the challenged policy. *See id.* at 1106 (holding that prong two is met if the plaintiff "personally filed a request, and that request was delayed"). Third, ALDF is likely to be harmed in the future by USDA's policy. ALDF's mission centers on animal welfare, and ALDF is likely to make future FOIA requests where it believes there is "an imminent threat to the life or physical safety" of an animal. *See id.* (holding that the third prong is met if the plaintiff "will likely file more FOIA requests with [the agency] in the future"). We therefore hold that the case is not moot.

USDA also argued below that FOIA's jurisdiction-stripping provision divested the district court of jurisdiction. That provision states, "A district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request." 5 U.S.C. § 552(a)(6)(E)(iv). So far as we are aware, no court has yet analyzed this provision. We hold today that where a plaintiff asserts a "pattern or practice" claim that satisfies *Hajro*'s three-pronged test, § 552(a)(6)(E)(iv) does not bar the plaintiff's action. In a "pattern or practice" claim seeking declaratory or injunctive relief, the district court is not

reviewing a particular denial of expedited processing. Instead, it is reviewing the agency's anticipated denial of expedited processing requests under similar circumstances in the future. The district court has jurisdiction to review such a claim.

## III. Discussion

We review de novo a district court's grant of summary judgment in a FOIA case. *See ALDF v. FDA*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc).

This case turns on the meaning of the word "individual" as used in FOIA's expedited processing provision. FOIA requires agencies to provide for expedited processing of records requests if the requestor "demonstrates a compelling need." 5 U.S.C. § 552(a)(6)(E)(i)(I); 7 C.F.R. § 1.9(b) (USDA implementing regulation). As relevant here, "the term 'compelling need' means . . . that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to *the life or physical safety of an individual*[.]" *Id.* § 552(a)(6)(E)(v)(I) (emphasis added); *see also* 7 C.F.R. § 1.9(b)(1). FOIA does not define "individual."

"When a statute does not define a term, we typically 'give the phrase its ordinary meaning.'" *FCC v. AT & T Inc.*, 562 U.S. 397, 403 (2011) (quoting *Johnson v. United States*, 559 U.S. 133, 138 (2010)). To determine the ordinary meaning of a word, "consulting common dictionary definitions is the usual course." *Cal. All. of Child & Family Servs. v. Allenby*, 589 F.3d 1017, 1021 (9th Cir. 2009). "If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there." *CVS Health*

*Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017) (citation omitted).

The Supreme Court considered in *Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012), the meaning of "individual" as used in a provision of the Torture Victims Protection Act. The Court defined "individual" to mean "natural person" as opposed to an organization. *Id.* at 451–52. Although *Mohamad* addressed a different statutory context, we find much of its reasoning applicable here. Surveying dictionaries, the Court wrote, "As a noun, 'individual' ordinarily means '[a] human being, a person.'" *Id.* at 454 (quoting 7 OXFORD ENGLISH DICTIONARY 880 (2d ed. 1989)); *see also, e.g.*, RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 974 (2d ed. 1987) ("a person"); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1152 (1986) ("a particular person"). The Court continued, "After all, that is how we use the word in everyday parlance." *Mohamad*, 566 U.S. at 454. We agree that, as a noun standing alone, "individual" ordinarily refers to a single human being.

Other broadly applicable legislative enactments further corroborate this understanding. The Dictionary Act, which offers guidance for "determining the meaning of any Act of Congress, unless the context indicates otherwise," 1 U.S.C. § 1, specifies that the definition of "person" includes entities, such as corporations, "*as well as* individuals," *id*. (emphasis added), making clear that ordinarily the term "individual" is a subcategory of "person"—that is, a human being. Like the Dictionary Act, the Administrative Procedure Act defines "person" to mean "an individual" or corporate entity, 5 U.S.C. §551(2), such that "individual," as used therein, can only be understood to refer to a human being.

ALDF argues that dictionaries also define "individual" as "a particular being or thing as distinguished from a class, species, or collection" and that this definition encompasses an animal. *See, e.g.*, MERRIAM-WEBSTER ONLINE DICTIONARY (last visited August 5, 2019). Certainly, "individual" can be used to refer to an animal in this manner. But when a speaker or writer intends this meaning of the word, the sentence or its context ordinarily specifies a corresponding class, species, or collection of animals. ALDF cites a dictionary example of "individual" used in this manner: "The markings on tigers are unique to each *individual*." (Emphasis in original). The sentence indicates that the relevant species is *tiger*, and *individual* corresponds to a particular example of that species—a tiger.

By contrast, where no species or group is indicated, the ordinary inference is that the group is "human beings." This usage is included in the *Oxford English Dictionary Online*, whose second definition under noun reads, "In contexts where a group is not specified or implied: a human being, a person." OXFORD ENGLISH DICTIONARY ONLINE (Last visited August 5, 2019). FOIA's expedited processing provision, which refers to "the life or physical safety of an individual," is a "context[] where a group is not specified." *See* 5 U.S.C. § 552(a)(6)(E)(v)(I). "Individual" in this provision thus refers to "a human being, a person" because no other group has been indicated.

As the Supreme Court recognized in *Mohamad*, "Congress remains free, as always, to give the word ['individual'] a broader or different meaning." 566 U.S. at 455. But Congress must give "*some* indication" that it "intended such a result." *Id.* (emphasis in original). The Endangered Species Act ("ESA") provides an illustration of

how Congress can indicate that it so intends. One section of the ESA provides that, "The Secretary may authorize the release (and the related transportation) of any population (including eggs, propagules, or *individuals*) *of an endangered species or a threatened species* outside the current range of such species[.]" 16 U.S.C. § 1539(j)(2)(A) (emphasis added). In another section of the ESA, Congress uses the term "individual" with no such corresponding class and indisputably refers to a human being. *See id.* § 1536(e)(3)(G) ("The President . . . shall appoint one *individual* from each affected State [to the Endangered Species Committee]" (emphasis added)).

ALDF offers several statutory construction arguments to support its position that "individual," as used in § 552(a)(6)(E)(v)(I), includes animals. None is persuasive.

First, ALDF argues that we should liberally construe the expedited processing provision to be consistent with FOIA's goal of broad disclosure. It is true that FOIA has the "express purpose to mandate a policy of broad disclosure of government documents and maximum feasible public access to government information." *Rosenfeld v. United States*, 859 F.2d 717, 725 (9th Cir. 1988) (internal quotation marks omitted). But "a broad congressional purpose is of limited value when," as here, "the meaning is plain and the general purpose is inconsistent with the purpose of the particular provision." *See Schroeder v. United States*, 793 F.3d 1080, 1084 (9th Cir. 2015).

While FOIA as a whole favors broad disclosure, the expedited processing provision serves the narrower purpose of prioritizing certain requests over others. The legislative history of § 552(a)(6)(E) reveals a concern that "[g]iven the

finite resources generally available for fulfilling FOIA requests, unduly generous use of the expedited processing procedure would unfairly disadvantage other requestors who do not qualify for its treatment." H.R. REP. No. 104-795, at 26 (1996); *see also Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001) ("[A]n unduly generous approach would . . . disadvantage those requestors who do qualify for expedition, because prioritizing all requests would effectively prioritize none.").

Second, ALDF argues that excluding animals from the definition of "individual" in § 552(a)(6)(E)(v)(I) is inconsistent with the Animal Welfare Act and other statutes protecting animals. ALDF contends that if animals fall outside the expedited processing provision's definition of an "individual," AWA records will virtually never qualify for expedited processing. ALDF argues that Congress could not have intended to "gut" FOIA with respect to such records. Similarly, ALDF argues that its definition of "individual" is consistent with Congress's broader goal to protect the welfare of animals through statutes like the AWA and the ESA. It argues that because Congress protects the lives and physical safety of animals in those contexts, it must also have intended to protect them for purposes of the expedited processing provision.

We do not deny that animal welfare is an important goal that has been recognized by Congress in a variety of statutes. It has not, however, been recognized in FOIA's expedited processing provision. Congress chose to limit the definition of "compelling need" to prioritize certain records for expedited processing—specifically, records whose delayed release would pose an imminent threat to the life or physical safety of a human being. ALDF may disagree with

Congress's policy choice. But we are not at liberty to override congressional intent and read a statutory term contrary to its plain meaning.

Finally, ALDF argues that we should read § 552(a)(6)(E)(v)(I) to correspond to what it contends is the proper construction of an almost identical phrase in one of FOIA's exemptions, codified at § 552(b)(7)(F). Exemption 7(F) allows an agency to withhold law enforcement records "to the extent that the production of such law enforcement records or information . . . could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). "[I]t is a well-established principle of statutory construction that the same words or phrases are presumed to have the same meaning when used in different parts of a statute." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1061 n.7 (9th Cir. 2008) (internal quotation marks omitted). ALDF contends that "individual," as used in § 552(b)(7)(F), includes animals, and that we should construe "individual" in § 552(a)(6)(E)(v)(I) to mean the same thing. We agree with ALDF that these two provisions of FOIA should be read consistently. But we disagree with ALDF as to their meaning. In our view, both provisions use the term "individual" to mean "human being."

"Any individual," as used in Exemption 7(F), has been read broadly in the sense that it applies to a wide range of people, such as confidential informants and potential victims of terrorist activity. *See* DEP'T OF JUSTICE, GUIDE TO THE FREEDOM OF INFORMATION ACT: EXEMPTION 7F (2019) (collecting cases). During the 1986 amendments to FOIA, the closing language of Exemption 7(F) was altered from "the life or physical safety of law enforcement personnel" to the current language of "the life or physical safety of any

individual." Pub. L. No. 99-570, § 1802(a), 100 Stat. 3207 (1986). In the sense of this expanded scope, the term "any individual" is recognized as "very broad." *See Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 205 (D.C. Cir. 2014).

But Exemption 7(F) has never been applied to withhold records because of a threat to an animal. Nor could it be. As discussed above, the plain meaning of "individual," absent a context signifying otherwise, is "a human being, a person." *See* OXFORD ENGLISH DICTIONARY ONLINE. Congress has not indicated that Exemption 7(F) refers to individuals of any other species. FOIA exemptions should be "construed narrowly" in light of FOIA's pro-disclosure purpose. *See Theriault*, *v. United States*, 503 F.2d 390, 392 (9th Cir. 1974). As a result, it would be particularly incongruous to read into the statute a broader definition of "individual" than its plain meaning provides.

Conclusion

FOIA provides for expedited processing of records if "failure to obtain [the] requested records on an expedited basis . . . could reasonably be expected to pose an imminent threat to the life or physical safety of an individual[.]" 5 U.S.C. § 552(a)(6)(E)(v)(I). Where, as here, "individual" is used as a noun with no corresponding group or category, its plain meaning is "human being." The district court's grant of summary judgment to USDA was therefore proper. We deny as moot ALDF's motion to take judicial notice.

**AFFIRMED.**