**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing, LP, Successor by merger to BAC Home Loans Servicing, LP,<br><br>    Plaintiff-Counter-<br>    defendant-Appellee,<br><br>  v.<br><br>REMINGTON PLACE HOMEOWNERS' ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>    Defendants,<br><br> and<br><br>9060 BOSTON SPRINGS TRUST,<br><br>    Defendant-Counter-claimant-<br>    Appellant. | No.   19-16802<br><br>D.C. No.<br>2:16-cv-00475-RFB-EJY<br>District of Nevada,<br>Las Vegas<br><br>ORDER |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted February 5, 2021
San Francisco, California

Before: SILER,[*] IKUTA, and NGUYEN, Circuit Judges.

---

    [*]     The Honorable Eugene E. Siler, United States Circuit Judge for the

9060 Boston Springs Trust ("Boston Springs") appeals from the district court's summary judgment in favor of Bank of America, N.A. Because we cannot ascertain from the record whether the district court properly exercised subject matter jurisdiction, we vacate the district court's judgment and remand for the district court to determine whether there was complete diversity of citizenship when the case was filed.

"[W]e are obliged to raise sua sponte issues concerning district courts' subject matter jurisdiction." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 933 F.3d 1088, 1092 (9th Cir. 2019). "If the district court lacked subject matter jurisdiction . . . , 'we would have jurisdiction to correct the jurisdictional error, but not to entertain the merits of an appeal.'" *Id.* (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

Bank of America filed this case in the district court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

---

U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

In the complaint, Bank of America alleges that it is a citizen of North Carolina because it "is a national bank with its principal place of business in Charlotte." But "a national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014). Frequently, "the location of a national bank's main office and of its principal place of business coincide," *id.* at 711 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n.9 (2006))—but not always. *See id.* at 709 ("Wells Fargo's main office is in South Dakota and its principal place of business is in California . . . ."). Therefore, Bank of America's allegations are insufficient to establish its own citizenship.

The allegations of defendants' citizenship are also indeterminate. Bank of America alleges that Remington Place Homeowners' Association "is a Nevada non-profit corporation," but a corporation is a citizen of both its state of incorporation "*and . . . the State where it has its principal place of business.*" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). Absolute Collection Services, LLC, a Nevada limited liability corporation, is "a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), but Bank of America "cannot determine the citizenship of the members." Boston Springs, a Nevada trust, "has the citizenship of its trustee or trustees," *id.*, but Bank of

America "cannot determine the citizenship of the trustee."  As the party invoking federal jurisdiction, Bank of America had the burden to "allege . . . the facts essential to show jurisdiction."  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

"We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction."  *Matheson*, 319 F.3d at 1091.  Therefore, we vacate the district court's judgment and remand for the district court to ascertain the citizenship of all the parties.  "Further discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction, and in the past we have remanded in just such a situation."  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted).  If the district court determines that there was not complete diversity at the time the complaint was filed, it shall dismiss the action.  If the district court determines that the parties were diverse, it may (but need not) reconsider its summary judgment ruling in light of subsequent developments in Nevada law.  *See, e.g.*, *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348 (Nev. 2020) (en banc). Neither side shall recover costs.

**VACATED AND REMANDED WITH INSTRUCTIONS.**